WILKINSON, Circuit Judge,
dissenting:
Because I believe the current version of Federal Rule of Civil Procedure 56 applies to this case, I respectfully dissent from the majority’s opinion.
I.
The previous version of Rule 56 stated that a summary judgment motion should be granted only if “the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” The “on file” language led to a circuit split as to whether a district court needed to look beyond the materials cited by the parties when ruling on summary judgment. This court adopted the minority view, placing an affirmative duty on courts to conduct an independent search of the record. See Campbell v. Hewitt, Coleman & Assocs., Inc., 21 F.3d 52, 55-56 (4th Cir.1994).
However, the Federal Rules of Civil Procedure were amended in 2010, and these amendments eliminated the “on file” language from Rule 56. Fed.R.Civ.P. 56. Rule 56 now explicitly states that district courts “need consider only the cited materials” when ruling on summary judgment. Fed.R.Civ.P. 56(c)(3). And the current Rule 56 makes clear that parties are obligated to support their assertions with citations to the record. Fed.R.Civ.P. 56(c)(1). If a party neglects this obligation and “fails to properly support an assertion of fact or fails to properly address another party’s assertion of fact ... the court may: ... (2) consider the fact undisputed for purposes of the motion; [ and] (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it .... ” Fed.R.Civ.P. 56(e).
As the Advisory Committee Notes explain, these changes “reflect[ ] judicial opinions and local rules provisions stating that the court may decide a motion for summary judgment without undertaking an independent search of the record.” Fed.R.Civ.P. 56 advisory committee’s note. Thus, the 2010 amendments rejected our minority position in Campbell in favor of the approach followed by the majority of the circuits that had considered the issue. Accordingly, under the current Rule 56, district courts need consult only those materials cited by the parties when ruling on summary judgment.
The district court here certainly satisfied the requirements of the current version of Rule 56. It had no duty to consider the uncited Counseled Response. Neither the majority nor the appellants dispute this. Accordingly, the central issue in this case — whether the magistrate judge should have reviewed the Counseled Response — is clearly resolved in favor of the appellees under the current Rule 56. The critical question, therefore, *245 is whether the 2010 amendments apply to this action.
II.
Rule 86(a) explains that amendments to the Federal Rules of Civil Procedure govern:
(1) proceedings in an action commenced after their effective date; and
(2) proceedings after that date in an action then pending unless:
(A) the Supreme Court specifies otherwise; or
(B) the court determines that applying them in a particular action would be infeasible or work an injustice.
The 2010 amendments took effect during the pendency of this appeal, on December 1, 2010. Accordingly, as the majority properly concludes, they apply to this case unless they “would be infeasible or work an injustice.” Fed.R.Civ.P. 86(a)(2)(B). In other words, the presumptive position is that the new rules apply.
The relevant question then is whether the exception to this presumption applies — whether applying the 2010 amendments “would be infeasible or work an injustice.” Fed.R.Civ.P. 86(a)(2)(B). The majority’s interpretation of this exception swallows the general rule. It argues that an injustice would occur because the 2010 amendments might change the outcome of this case. If the test for “injustice” is whether the amendments could be outcome-determinative, then the amendments would never apply to any case to which they are relevant. But if the general rule that the amendments apply to pending cases is to have any force, then the amendments must apply to at least some cases where they would have an effect. After all, it makes no difference whether the 2010 amendments apply to situations where they would effect no change. Thus, the majority’s view transforms Rule 86’s presumption that the amendments apply to pending cases into a guarantee that they will not.
I respectfully offer a different interpretation of the Rule 86 exception, one consistent with its text and faithful to its purpose. This exception is equitable in nature, as evidenced by its use of the term “injustice.” But a litigant with unclean hands is generally the last one to receive such generous treatment as that granted by this equitable exception. Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery, 324 U.S. 806, 814, 65 S.Ct. 993, 89 L.Ed. 1381 (1945). And the appellants here are anything but deserving. They delayed the lower court proceedings at every turn. In fact, the case dragged on for almost two years, in substantial part due to the appellants’ repeated requests for extensions and late amendments to their pleadings. Appellants then terminated their counsel at the eleventh hour, a mere week before their summary judgment responses were due.
And, finally, the appellants made a litany of unsupported allegations in their responses to the motion to dismiss and motion for summary judgment, including the utterly unfounded assertions that “the Defendants had threatened to stalk and poison the Appellants,” Majority Opinion at 239, and that the magistrate judge was engaged in a vast conspiracy against them. My fine colleagues are right to note that “[n]one of these accusations were supported by any evidence.” Id.
Throughout the course of this misconduct, the magistrate judge exhibited commendable patience, even though, as the majority observes, appellants’ conduct “appear[s] to be entirely inappropriate and perhaps sanctionable.” Majority Opinion at 239 n. 9. In fact, this may be the first time that this court has suggested that *246 sanctions may be appropriate for a party’s behavior and then given that same party the benefit of an equitable exception.
Additionally, the notions of injustice and equity embodied in Rule 86 seem to presume some reliance interest. But there is no professed reliance interest here. Appellants never discussed which version of Rule 56 applies to their case. Surely they were aware that the 2010 amendments would be going into effect just a few short months from oral argument. Indeed, in its order of April 28, 2010, the Supreme Court publicly announced that the 2010 amendments “shall take effect on December 1, 2010, and shall govern ... insofar as just and practicable, all proceedings then pending.” Order of April 28, 2010. And yet appellants, though represented by counsel on appeal, apparently attached no importance to the question of whether the 2010 amendments would apply to their case and never once mentioned the matter.
Beyond the substantive legal arguments, the majority also seeks to excuse appellants’ behavior because of their pro se status. But that frankly is unfair to pro se litigants. It is the unusual pro se litigant who makes baseless accusations of conspiracy and questions the integrity of the court. Moreover, appellants brought about their pro se status. They voluntarily terminated their attorney at the last minute with full knowledge that they would have to prepare the summary judgment responses on their own.
In any event, the appellants could not truly be said to be without assistance of counsel when they submitted their Pro Se Responses. Quite the contrary. They had at their disposal the Counseled Response — the very same document they now seek to have considered on remand. And this Counseled Response contained their former attorney’s legal arguments regarding the summary judgment motion. Therefore, while appellants technically may have been pro se they were not without the assistance of counsel. All the appellants had to do was attach the Counseled Response to their Pro Se Responses, a task certainly within the competency of pro se litigants. But they failed to do so, and they now seek to blame the court for their oversight.
III.
I am mystified as to why the equitable exception to the general rule should be invoked here. This exception is reserved for extraordinary circumstances — when it is necessary to prevent “injustice.” I submit respectfully that it is wrong for many reasons not to follow the presumptive counsel of the Federal Rules in this case. The injustice arises from applying the exception, and I regret that appellees and the trial court must suffer it. I would affirm the judgment of the district court.